# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
v. )
) ID No.      2306012913
JACOB W. STEELE, )
)
Defendant. )
)

Date Submitted: May 28, 2025
Date Decided: August 14, 2025

## MEMORANDUM OPINION

*Upon Defendant Jacob Steele's Motion for Postconviction Relief*: **DENIED**

Brett D. Fallon, Jr., Esq., Delaware Department of Justice, 820 N. French Street, 7th Floor, Wilmington, DE 19801.  Attorney for the State.

James J. Haley, Jr., Esq., Ferrara & Haley, 1716 Wawaset Street, Wilmington, DE 19806-2131.  Attorney for Defendant.

**Scott, J.**

# I.  INTRODUCTION

On April 4, 2024, Steele pled guilty to Possession of a Firearm During the Commission of a Felony (IN23-07-1414), Possession of a Firearm by a Person Prohibited (IN23-07-1415), and Felony Possession of Methamphetamine (IN23-07-1418).[1] On the same day, the Court sentenced Steele as follows: for PFDCF, 5 years Level V; for PFBPP, 10 years Level V, suspended after 3 years Level V for 2 years Level IV DOC Discretion, followed by 1 year Level III; and for Felony Possession of Methamphetamine, 1 year Level V, suspended for 1 year Level III.[2] On May 24, 2024, Steele filed a *pro se* Motion for Postconviction Relief.[3] On November 21, 2024, Steele's counsel filed an amended Motion for Postconviction Relief ("PCR Motion").[4] Steele's PCR Motion asserts one claim of ineffective assistance of counsel based on plea counsel's failure to complete a reasonable investigation into who owned and possessed the firearms and ammunition.[5]

# II.  DISCUSSION

Delaware Superior Court Criminal Rule 61 allows incarcerated individuals to set aside their judgment of conviction if there is a sufficient factual and legal basis for a collateral attack upon the criminal conviction.[6]

---

[1] D.I. 9.
[2] D.I. 10.
[3] D.I. 11.
[4] D.I. 20.
[5] *Id.* ¶ 17.
[6] Del. Super. Ct. Crim. R. 61(a)(1).

2

## A.    Rule 61 Procedural Bars

Before addressing the merits of the postconviction relief claim, the Court must first consider and apply the procedural requirements of Rule 61.[7] Rule 61 bars consideration of a postconviction motion if it is untimely, repetitive, procedurally defaulted, or formerly adjudicated.[8]

### 1.    *It is Uncontested that Steele's PCR Motion is Timely*

"A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . ."[9] If the defendant does not file a direct appeal, a judgment of conviction is final thirty days after the Superior Court imposes a sentence.[10] The State does not contest the timeliness of Steele's PCR Motion.[11]

### 2.    *Steele's PCR Motion is Not Repetitive*

"No second or subsequent motion is permitted under [Rule 61] . . . ."[12] This is Steele's first Rule 61 motion. Therefore, his PCR Motion is not repetitive.

### 3.    *Steele's PCR Motion is Not Procedurally Defaulted*

"Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction . . . is thereafter barred, unless the movant shows cause for

---

[7] *State v. Wright*, 67 A.3d 319, 323 (Del. 2013), as amended (May 28, 2013).
[8] Del. Super. Ct. Crim. R. 61(i)(1)-(4).
[9] Del. Super. Ct. Crim. R. 61(i)(1).
[10] Del. Super. Ct. Crim. R. 61(m)(1)(i).
[11] D.I. 23 ¶ 6.
[12] Del. Super. Ct. Crim. R. 61(i)(2)(i).

3

relief from the procedural default and prejudice from violation of the movant's rights."[13] Steele asserts one claim for ineffective assistance of counsel.[14] This claim was not asserted in the proceedings leading to the judgement of conviction and is therefore permitted under Rule 61.[15]

### 4. Steele's PCR Motion has Not Been Formerly Adjudicated

"Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[16] Steele's claim was not formerly adjudicated and is therefore permitted under Rule 61.[17]

### B. Ineffective Assistance of Counsel

Because Steele is not procedurally barred by Rule 61, the Court will analyze Steele's claim for ineffective assistance of counsel on its merits.[18]

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: (1) counsel's performance was deficient, and (2) counsel's

---

[13] Del. Super. Ct. Crim. R. 61(i)(3).

[14] *See generally* D.I. 20.

[15] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent.").

[16] Del. Super. Ct. Crim. R. 61(i)(4).

[17] Since this is Steele's first PCR motion, his ineffective assistance of counsel claim has not been formally adjudicated.

[18] The State responded to Steele's claims from both his *pro se* motion and his amended motion. The Court only addresses Steele's amended motion.

deficient performance prejudiced the defense.[19] "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."[20]

### 1. Trial Counsel's Performance Was Not Deficient

To prove counsel's performance was deficient, a defendant must show counsel's representation fell below an objective standard of reasonableness.[21] The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[22] "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."[23] To eliminate the distorting effects of hindsight, there is a strong presumption that counsel's conduct was professionally reasonable.[24]

Steele argues he was denied effective assistance of counsel because plea counsel failed to reasonably investigate Steele's assertion that the firearms and ammunition did not belong to him, but instead belonged to the owner of the house

---

[19] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[20] *Id.*
[21] *Id.* at 687-688.
[22] *Sierra v. State*, 242 A.3d 563, 572 (Del. 2020) (quoting *Strickland*, 466 U.S. at 690).
[23] *Strickland*, 466 U.S. at 681.
[24] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988) (citing *Strickland*, 466 U.S. at 689).

5

where the guns were found, Albert Wickkiser.[25] More specifically, Steele argues that if plea counsel completed a reasonable investigation they would have found the following: (A) Wickkiser's DNA was previously secured by Delaware law enforcement, (B) Wickkiser's DNA could have been secured because he was in custody, (C) a statement from Wickkiser could have been taken because he was in custody, and (D) the DNA analysis may have given evidentiary support that the items belonged to Wickkiser, not Steele.[26]

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[27] "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[28]

Plea counsel contends that he did not interview Wickkiser or obtain his DNA because "if the results excluded Wickkiser as a DNA contributor[,] counsel would have ethically been prevented from arguing the firearms and ammunition belonged to Wickkiser."[29] Giving deference to plea counsel's judgments under the circumstances, this decision was reasonable. If, after further investigation, the

---

[25] D.I. 20 ¶ 17.
[26] *Id.*
[27] *Strickland*, 466 U.S. at 691.
[28] *Id.*
[29] D.I. 26 at 4-5.

6

evidence proved Wickkiser's DNA was not on the firearms or ammunition, plea counsel would have lost a potential defense to negotiate a plea bargain with. Plea counsel's decision was an attempt to protect Steele by leaving a route of defense open and was thus reasonable.

Plea counsel further contends that he also made this decision because Wickkiser's DNA being present on the items, or Wickkiser admitting he owned the items, would not have negated the State's argument that Steele knowingly possessed the firearms and ammunition on the date of the indicted offenses.[30] Giving deference to plea counsel's judgments under the circumstances, this decision was reasonable. Even if Wickkiser's DNA was proven to be on the items, or Wickkiser made a statement that he owned or possessed the items, it would not have negated the State's argument. Possession can be joint.[31] Thus, the State could still argue that Wickkiser and Steele possessed the firearms simultaneously.

In conclusion, Plea counsel's decision to not complete further investigation into Wickkiser's ownership or possession of the firearms and ammunition did not fall below an objective standard of reasonableness.

2.    *Trial Counsel's Performance Did Not Prejudice the Defendant*

Even if Trial Counsel's performance fell below an objective standard of

---

[30] D.I. 26 at 5.
[31] *Howell v. State*, 268 A.3d 754, 768 (Del. 2021) (upholding that the definition of possession includes joint possession with another person).

7

reasonableness, Steele's claim would fail because plea counsel's actions did not prejudice the defense. To succeed on an ineffective assistance of counsel claim, a defendant must affirmatively prove counsel's performance prejudiced the defense.[32] Counsel's performance prejudices the defense if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[33] In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."[34]

Even if plea counsel completed further investigation into Wickkiser's ownership or possession of the firearms and ammunition, as discussed above,[35] it is unlikely that Steele would have changed his plea or been given a better plea deal. Wickkiser's ownership or possession of the firearms and ammunition would not negate a finding that Steele possessed the firearms and ammunition. Possession can be joint.[36] Thus Wickkiser and Steele could have possessed the firearms simultaneously. Further, Steele's DNA was located on the frame of one firearm, and Steele was found lying on a pillow that was on top of a separate firearm.[37] This

---

[32] *Albury*, 551 A.2d at 60 (citing *Strickland*, 466 U.S. at 693).

[33] *Strickland*, 466 U.S. at 694.

[34] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[35] *See supra* Section II(B)(1).

[36] *Howell v. State*, 268 A.3d 754, 768 (Del. 2021) (upholding that the definition of possession includes joint possession with another person).

[37] D.I. 20, Exhibit A at 2; D.I. 23 ¶ 1, 21.

8

evidence alone would be sufficient to support a finding that Steele possessed the firearms. Thus, there is not a reasonable probability that, but for counsel's failure to further investigate, Steele would not have pleaded guilty. Therefore, Steele was not prejudiced by plea counsel's performance.

### III.  CONCLUSION

Although Steele's PCR Motion was not procedurally barred, for the reasons stated above, his claim is not successful on the merits.


**NOW, THEREFORE, IT IS HEREBY ORDERED** that Steele's PCR Motion is **DENIED**.

**IT IS SO ORDERED.**


_____
Judge Calvin L. Scott, Jr.


cc:   Original to Prothonotary
      Brett D. Fallon, Jr., Esq.
      James J. Haley, Jr., Esq.